IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE CO., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 1:16cv220-MHT-WC |
| THE ESTATE OF JACK WILLIAM MOCK, *et al.*, ) ) ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Motion to Dismiss (Doc. 9) of Defendant Amber Camile Nevels ("Defendant"). Plaintiff filed a Response (Doc. 12) in opposition to the motion. On June 24, 2016, the District Judge entered an Order (Doc. 18) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." For the reasons that follow, the undersigned Magistrate Judge recommends that the motion to dismiss be denied.

**I.   BACKGROUND**

In this declaratory judgment action, Plaintiff Progressive Specialty Insurance Company ("Progressive") "seeks a judicial determination as to its rights and responsibilities under a written policy of insurance[.]" Compl. (Doc. 1) at 1. Progressive invokes the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at ¶ 7. Specifically, Progressive asserts that it is a corporate citizen of the State of Ohio because it is organized pursuant to Ohio law and it maintains its principal place of business in

Ohio. *Id.* at ¶ 1. Progressive further alleges that all Defendants are or were citizens of the State of Alabama at all times relevant to the court's evaluation of whether diversity jurisdiction exists. *Id.* at ¶¶ 2-4.

Progressive's pertinent factual allegations are as follows: In 2007, Progressive issued an automobile insurance policy to Alabama resident Josh Lowery which covered multiple vehicles, including a certain 2002 Honda Civic. Compl. (Doc. 1) at ¶ 9. Mr. Lowery declined uninsured/underinsured motorist coverage when the policy was first issued and at each renewal of his policy in the years following 2007. *Id.* at ¶¶ 10-11. On November 27, 2015, Mr. Lowery permitted Jack William Mock to drive the 2002 Honda Civic insured by Progressive. *Id.* at ¶ 14. Defendant Nevels and KLN were passengers in the car driven by Mr. Mock. *Id.* On November 27, 2015, the car driven by Mr. Mock was struck head-on by a pickup truck, killing Mr. Mock and KLN, and injuring Ms. Nevels. *Id.* at ¶ 15. Neither Mr. Mock, KLN, nor Ms. Nevels were named insureds of the policy issued to Mr. Lowery, and they were not resident relatives of the household of Mr. Lowery and his wife. *Id.* at ¶ 16. Based upon these allegations, Plaintiff asserts that it is "questionable" whether it "owes any uninsured/underinsured benefits to the Defendants in relation to the accident that occurred on November 27, 2015. Specifically, it is questionable as to whether or not Josh Lowery's rejection of uninsured/underinsured motorist benefits is binding on all parties covered and/or insured by the Policy." *Id.* at ¶ 17. Plaintiff asserts that this question of law must be resolved by the court before it can "determine whether any benefits are due" to Defendants. *Id.*

## II.  DEFENDANT'S MOTION

Defendant Nevels, who is proceeding *pro se*, argues that the complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the court lacks subject matter jurisdiction over this action, and pursuant to Rule 12(b)(6) because Progressive has failed to state any claim upon which relief could be granted. Def.'s Mot. (Doc. 9) at 1.

## III.   DISCUSSION

Defendant argues that the complaint should be dismissed on two distinct grounds. The undersigned will consider each in turn.

### A.  Lack of Subject Matter Jurisdiction

Defendant first argues that the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Specifically, Defendant argues that the court lacks subject matter jurisdiction based upon diversity of the parties because, according to Defendant, "Progressive Specialty Insurance Company does business in the State of Alabama and is therefore considered a citizen of the State."  Def.'s Br. (Doc. 10) at 2.  In support of this contention, Defendants cites to her own affidavit, attached as an exhibit to her Brief, in which she asserts her own personal "knowledge that Progressive Specialty Insurance Company does business in the State of Alabama and that the owner of the vehicle (Josh Lowery) was insured by Progressive Specialty Insurance Company at the time of November 27, 2016 [sic] accident."  Nevels Aff. (Doc. 10-1) at 1.

A challenge asserting a lack of subject matter jurisdiction under Rule 12(b)(1) may take two distinct forms, commonly described by the Court of Appeals for the Eleventh Circuit as either a "facial" or a "factual" challenge to jurisdiction.

> Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009). However, in a factual challenge to subject matter jurisdiction, a district court can "consider extrinsic evidence such as deposition testimony and affidavits." *Id.* In so doing, a district court is "free to weigh the facts" and is "not constrained to view them in the light most favorable" to the plaintiff. *Id.*

*Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013). In this instance, no matter how Defendant's challenge to this court's subject matter jurisdiction is treated—whether construed as "facial" or "factual"—the motion is due to be denied.

As a "facial" attack, Defendant's motion fails. The complaint plainly suffices to invoke the court's subject matter jurisdiction based upon diversity of the parties. *See* Compl. (Doc. 1) at ¶¶ 1-4, 7. To the extent Defendant intends a "factual" attack, reliant upon her own affidavit's assertion of her personal knowledge that Plaintiff conducts business in Alabama, Defendant's motion fails because she misunderstands the law governing determination of a corporation's citizenship for diversity purposes. The fact that Progressive conducts business in Alabama is insufficient, as a matter of law, to deem it a citizen of Alabama for purposes of § 1332. The statute speaks to this issue directly: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" § 1332(c)(1). Although the statute proceeds to make exceptions for

insurance companies which, in limited circumstances, may render an insurance company a citizen of every state in which an insurance company's insured is a citizen, those exceptions are not relevant in this matter because this is not a "direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant[.]" *Id*. *See also Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) (explaining that a "direct action" falling within the exception outlined in § 1332(c)(1) is "one in which an injured third-party claimant sues an insurance company for payment of a claim without first joining or obtaining judgment against the company's insured"). Rather, as discussed previously, this is a declaratory judgment action brought by an insurance company to obtain a determination of its rights and responsibilities under an insurance policy issued to a non-party. Hence, as the mere fact that Progressive conducts business in Alabama is not sufficient to render it a citizen of Alabama for diversity purposes, Defendant's motion, if construed as a "factual" challenge to the court's subject matter jurisdiction, is due to be denied because it lacks merit.

      **B.**    **Failure to State a Claim upon Which Relief Could be Granted.**

Defendant next argues that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Although Defendant commendably sets out the standard governing a motion pursuant to Rule 12(b)(6), *see* Def.'s Br. (Doc. 10) at 3-4, her analysis in this case is lacking. Her argument, in its entirety, appears to be as follows: "The Complaint for Declaratory Judgment by the Plaintiff is not supported by proper facts sufficient to sustain such a

request. Dismissal is, [sic] indeed proper 'if the complaint lacks a factual allegation regarding a required element necessary to obtain relief.'" Def.'s Br. (Doc. 10) at 5.

Defendant does not sufficiently explicate her argument that the complaint lacks requisite factual allegations regarding an element of Plaintiff's request for relief. Indeed, apart from Defendant's incorrect argument about the court's subject matter jurisdiction, Defendant does not challenge any of the factual allegations of the complaint or otherwise dispute Plaintiff's contention that it is entitled to a determination on the question of law regarding its contractual rights and responsibilities under the subject policy.

Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Compl. (Doc. 1) at ¶ 5. In order to state a claim for declaratory relief pursuant to 28 U.S.C. § 2201, the complaint must allege facts which, "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). An insurance coverage dispute that, like the instant action, involves an insurance company seeking to declare its rights and responsibilities as to injured parties can present a justiciable controversy amenable to resolution by a declaratory judgment action under § 2201. *See, e.g., Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984).

Here, and as detailed above, Plaintiff has alleged a justiciable controversy exists between it and parties with adverse legal interests of sufficient immediacy and reality to state a claim for declaratory relief. That is, Plaintiff alleges that it is not required by its contract with its insured to provide certain benefits to Defendants. As such, the

6

complaint suffices for purposes of Rule 12(b)(6). Without a stronger showing or explanation by Defendant of how Plaintiff's allegations nevertheless fail to present a justiciable controversy within the meaning of § 2201, Defendant's motion to dismiss is due to be denied.

## IV. CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Doc. 9) be DENIED and that this matter be REFERRED back to the undersigned Magistrate Judge for further proceedings. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 3, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206

(11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 20th day of July, 2016.

                                           /s/ Wallace Capel, Jr.
                                           UNITED STATES MAGISTRATE JUDGE