IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:16cv220-MHT-WC |
| THE ESTATE OF JACK WILLIAM MOCK, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's "Application for Entry of Default Judgment" (Doc. 20) pursuant to Rule 55 of the Federal Rules of Civil Procedure, filed on July 21, 2016. Plaintiff appears to seek entry of default judgment as to Defendant The Estate of KLN, a deceased minor. Thus far, the Clerk of Court has declined to enter a default against The Estate. On August 31, 2016, the District Judge entered an Order (Doc. 22) instructing "the other parties [to] show cause, if any there be, in writing by September 14, 2016, as to why the court should not enter a default judgment terminating any claim that defendant Estate of KLN, a deceased minor, may have against Progressive Specialty Insurance Company for uninsured/underinsured motorist coverage." No party has filed a response to the District Judge's show cause order.

In the Application, Plaintiff asserts that it served the complaint for declaratory judgment on both parents of KLN, but that neither parent has filed a responsive pleading on behalf of The Estate. Doc. 20 at 2. Moreover, Plaintiff asserts, with supporting

documentation, that KLN's father, Joseph Moody, was appointed Administrator of The Estate of KLN, and that Mr. Moody has indicated through his attorney that he will not be filing a response in this matter. *Id.* Thus, Plaintiff requests that the court or, "if appropriate, the Clerk, . . . enter a default judgment against the Estate of KLN, a deceased minor." *Id.* at 3. Plaintiff asserts that it "does not seek recovery of any monetary amount against the Estate of KLN[.]" *Id.* Rather, Plaintiff "simply seeks to have the Court, or if appropriate, enter an entry of default against the Estate of KLN which would terminate any claim that the Estate may have against [Plaintiff] for uninsured/underinsured motorist coverage as set forth in the Declaratory Judgment Complaint." *Id.*

Although Plaintiff appears to request entry of "default judgment," such request is premature as there has not yet been an entry of default. Under Rule 55, entry of default and default judgment are distinct events. *See, e.g., Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 864 n.5 (11th Cir. 2007). *See also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2016) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Nor may Plaintiff combine separate requests for entry of default and default judgment into one application. *See, e.g., Bardfield vv. Chisholm Properties Circuit Events, LLC*, No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, at * 6 (N.D. Fla. May 4, 2010). Hence, to the extent Plaintiff is actually seeking default judgment as to The Estate, its motion is due to be denied. However, to the extent Plaintiff is presently seeking only an entry of default as to The Estate, the "Application" may proceed.

Although Rule 55(a) directs that, where a party "has failed to plead or otherwise defend" against a properly served complaint, "the clerk must enter the party's default," "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2016).  "A district judge's decision about whether he or she should perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) is vested within the judge's sound discretion." *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. cv-09-S-773-NW, 2013 WL 3357167, at *2 (N.D. Ala. July 1, 2013) (citation omitted).

As noted above, in this instance, the undersigned finds that the court should enter default as to KLN.  Plaintiff served the complaint for declaratory judgment on both parents of KLN.  According to correspondence from the attorney of KLN's father, Joseph Moody, Mr. Moody was appointed Administrator of KLN's estate.  *See* Doc. 20-1.  Furthermore, Mr. Moody, as Administrator of The Estate, has expressed that he has no intention of filing a response to the complaint in this case.  *Id.*  As such, The Estate has purposely "failed to plead or otherwise defend" against this action and an entry of default as to The Estate is due pursuant to Rule 55(a).

For all of the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Application for Entry of Default Judgment (Doc. 20) be GRANTED to the extent the Application seeks a Clerk's entry of default as to The Estate of KLN.  The Magistrate Judge further RECOMMENDS that this matter be REFERRED back to the undersigned Magistrate Judge for further proceedings.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before February 8, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

   Done this 25th day of January, 2017.


                              /s/ Wallace Capel, Jr.
                              UNITED STATES MAGISTRATE JUDGE